Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>META PLATFORMS, INC.<br><br>Defendant.<br><br>This Document Relates to:<br><br>*Stark, et al. v. Patreon, Inc.*, Case No. 3:22-cv-03131-JCS | Case No.<br><br>**DECLARATION OF REID GAA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL META PLATFORMS, INC.'S COMPLIANCE WITH SUBPOENA**<br><br>Judge:<br>Date:<br>Time: |

**(REDACTED VERSION)**
**EXHIBITS 3-7, 9-11, AND 21-23 FILED UNDER SEAL PURSUANT TO**
*STARK, ET AL. V. PATREON, INC.*, NO. 3:22-CV-03131-JCS (N.D. CAL.)
**PROTECTIVE ORDER**

DECLARATION OF REID GAA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO.

I, Reid Gaa, hereby declare under penalty of perjury:

1. I am an associate of the law firm of Girard Sharp LLP and represent Plaintiffs Brayden Stark and Judd Oostyen ("Plaintiffs") in this action. I have personal knowledge of the facts stated in this declaration and, if called to do so, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Meta Platforms, Inc.'s Compliance with Plaintiffs' Subpoena.

3. On February 1, 2023, Plaintiffs served a subpoena on Meta Platforms, Inc.'s ("Meta") pursuant to Rule 45 of the Federal Rules of Civil Procedure. A true and correct copy of the subpoena is attached hereto as **Exhibit 1**.

4. On February 15, 2023, Meta served objections to Plaintiffs' subpoena. In those objections, Meta did not quantify any burden associated with producing documents responsive to the subpoena. A true and correct copy of Meta's objections is attached hereto as **Exhibit 2**.

5. On April 27, 2023, Plaintiffs met and conferred with Meta's counsel and informed Meta that Patreon's request to bifurcate discovery was denied and discovery was thus open, including as to third-parties. Plaintiffs further explained the relevance and necessity of class-wide information to Meta at this time.

6. On May 10 and 11, 2023, Meta and Plaintiffs exchanged initial proposals to narrow the scope of the subpoena. A true and correct copy of the May 10 and May 11, 2023, emails are attached hereto as **Exhibit 3**.

7. On July 28, 2023, ███████████████████████████████████████████████████████████████████████████. A true and correct copy of the July 28, 2023, email is attached hereto as **Exhibit 4**.

8. Between July 28 and August 4, 2023, Plaintiffs and Meta agreed that Meta would ███████████████████████████████████████████████████████████████████████████. On July 28, Plaintiffs also reserved the right to seek additional information regarding data transmitted to Meta by Patreon, and reserved their

DECLARATION OF REID GAA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO.

position that Meta provide admissible evidence regarding Meta's receipt, maintenance, storage, ability to query, and use of such data. A true and correct copy of Plaintiffs' and Metas' emails between July 28 and August 4, 2023, is attached hereto as **Exhibit 5**.

9. On September 22, 2023, Meta produced ███████████████████████. A true and correct copy of the cover letter accompanying Meta's production is attached hereto as **Exhibit 6**.

10. On October 16, 2023, Plaintiffs informed Meta of the deficiencies in Meta's September 22, 2023, production, requested that Meta produce a witness pursuant to Rule 30(b)(6), and proposed a list of deposition topics. A true and correct copy of the October 16, 2023, email is attached hereto as **Exhibit 7**.

11. On October 31, 2023, Plaintiffs and Meta met and conferred via Zoom regarding Plaintiffs' proposed list of deposition topics. During this conference, Meta stated it would provide a counterproposal consolidating Plaintiffs' proposed list of topics.

12. On November 10, 2023, Plaintiffs and Meta met and conferred via Zoom to discuss the production of additional data responsive to Plaintiffs' subpoena. During this conference, Plaintiffs requested that Meta produce a representative sample of class-wide information reflecting all categories of data Meta received from Patreon's Pixel, directly or indirectly, including all event data and all other data or metadata, for all Class members. Plaintiffs explained that data from Meta relating to the Class members will be central to Plaintiffs' showings under the predominance, typicality, and numerosity elements of Rule 23. *Id.* Despite this explanation, Meta did not agree to provide data concerning the Class.

13. On November 29, 2023, Meta contacted plaintiffs' counsel in the following matters to seek a coordinated deposition: *Stark, et al. v. Patreon, Inc.*, No. 3:22-cv-03131-JCS (N.D. Cal.), *Heather v. Heathline Media, Inc.*, No. 3:22-cv-05059-JD (N.D. Cal.), *Jackson v. Fandom*, No. 4:22-cv-04423-JST (N.D. Cal.), and *Bloom v. Zuffa*, No. 2:22-cv-00412-RFB-BNW (D. Nev.). A true and correct copy of the October 16, 2023, email is attached hereto as **Exhibit 8**.

3

DECLARATION OF REID GAA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO.

14. On December 5, 2023, made a supplemental production in response to Plaintiffs' subpoena. A true and correct copy of the cover letter accompanying Meta's supplemental production of December 5 is attached hereto as **Exhibit 9**.

15. On December 6, 2023, Plaintiffs advised Meta that its productions in response to the subpoena were inadequate and that Plaintiffs intended to initiate an action to enforce the subpoena. A true and correct copy of the December 6, 2023, email is attached hereto as **Exhibit 10**.

16. On December 8, 2023, Meta provided Plaintiffs with a set of proposed set of revised deposition topics, but would not confirm its agreement to produce class-wide data. A true and correct copy of this December 8, 2023, email is attached hereto as **Exhibit 11**.

17. Attached hereto as **Exhibit 12** is a true and correct copy of the deposition topics Meta proposed to Plaintiffs on December 8, 2023.

18. Attached hereto as **Exhibit 13** is a true and correct copy of Plaintiffs' First Amended Complaint (Case No. 3:22-cv-03131-JCS, Dkt. No. 41).

19. Attached hereto as **Exhibit 14** is a true and correct copy of the Order regarding Defendant Patreon, Inc.'s Motion to Dismiss (Case No. 3:22-cv-03131-JCS, Dkt. No. 40).

20. Attached hereto as **Exhibit 15** is a true and correct copy of the Order regarding Defendant Patreon, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Case No. 3:22-cv-03131-JCS, Dkt. No. 59).

21. Attached hereto as **Exhibit 16** is a true and correct copy of Defendant Patreon Inc.'s Response to Plaintiffs' First Amended Complaint (Case No. 3:22-cv-03131-JCS, Dkt. No. 63).

22. Attached hereto as **Exhibit 17** is a true and correct copy of the Stipulated Protective Order entered in in the underlying matter, *Stark et al. v. Patreon, Inc.* (Case No. 3:22-cv-03131-JCS, Dkt. No. 29).

23. Attached hereto as **Exhibit 18** is a true and correct copy of the Pre-Trial Schedule entered by the Court in the underlying matter, *Stark et al. v. Patreon, Inc.* (Case No. 3:22-cv-03131-JCS, Dkt. No. 65).

24. Attached hereto as **Exhibit 19** is a true and correct copy of the Scheduling Order entered in *Jackson v. Fandom, Inc.* (Case No. 4:22-cv-04423-JST, Dkt. No. 38).

25. Attached hereto as **Exhibit 20** is a true and correct copy of the Scheduling Order entered in *Heather, et al. v. Healthline Media, Inc.* (Case No. 3:22-cv-05059-JD, Dkt. No. 58).

26. On June 23, 2023, during the course of their negotiations with Meta for a production of Plaintiff-specific data, Plaintiffs reserved their rights to seek additional information responsive to the subpoena and stating that ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. A true and correct copy of the June 23, 2023, email is attached hereto as **Exhibit 21**.

27. On July 12, 2023, during the course of their negotiations with Meta for a production of ▒▒▒▒▒▒▒▒▒▒▒▒, Plaintiffs reserved their rights to seek additional information responsive to the subpoena and stating that Plaintiffs' proposal ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ did not extinguish Meta's obligations under the subpoena. A true and correct copy of the July 12, 2023, email is attached hereto as **Exhibit 22**.

28. On October 25, 2023, during a subsequent discussion regarding the sufficiency of Meta's ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒, Plaintiffs reiterated their reservation of rights to seek further production of class-wide information. A true and correct copy of the October 25, 2023, email is attached hereto as **Exhibit 23**.

29. Attached hereto as **Exhibit 24** is a true and correct copy of defendant Zuffa LLC's Opposition to Plaintiffs' Motion for Class Certification, in Case No. 2:22-cv-00412-RFB-BNW (D. Nev.), Dkt. No. 106.

30. The *Stark, et al. v. Patreon, Inc.*, No. 3:22-cv-03131-JCS (N.D. Cal.), *Heather v. Heathline Media, Inc.*, No. 3:22-cv-05059-JD (N.D. Cal.), *Jackson v. Fandom*, No. 4:22-cv-04423-JST (N.D. Cal.), and *Bloom v. Zuffa*, No. 2:22-cv-00412-RFB-BNW (D. Nev.) have developed different documentary records. While some may be ready to proceed with a deposition immediately, others are not as advanced.

5

DECLARATION OF REID GAA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO.

31. Patreon has informed Plaintiffs that it does not possess the data sought by Plaintiffs' Subpoena and that it is only obtainable from Meta.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of December, 2023, in San Francisco, CA.

*/s/ Reid Gaa*
Reid Gaa

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also caused a copy of the under-seal documents to be served *via electronic* and *First-Class Mail* on the following:

| | |
|---|---|
| Laurie Edelstein<br>John L. Flynn<br>Jonathan Alexander Langlinais<br>Paige E. Zielinski<br>Hayley L. MacMillen<br>**JENNER & BLOCK LLP**<br>455 Market Street, Suite 2100<br>San Francisco, CA 94105-2453<br>Telephone: (415) 293-5943<br>Email: ledelstein@jenner.com<br>Email: JFlynn@jenner.com<br>Email: JALanglinais@jenner.com<br>Email: PZielinski@jenner.com<br>Email: HMacMillen@jenner.com<br><br>*Counsel for Meta Platforms, Inc.* | Fred Norton<br>Nathan Walker<br>Bree Hann<br>Gil Walton<br>**THE NORTON LAW FIRM PC**<br>299 Third Street, Suite 200<br>Oakland, CA 94607<br>Telephone: (510) 906-4900<br>Email: fnorton@nortonlaw.com<br>Email: nwalker@nortonlaw.com<br>Email: bhann@nortonlaw.com<br>Email: gwalton@nortonlaw.com<br><br>*Counsel for Patreon, Inc.* |

        */s/ Reid Gaa*
        Reid Gaa

DECLARATION OF REID GAA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO.