EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Brayden Stark, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-03131-JCS |
| Patreon, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Meta Platforms, Inc.

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 601 California Street, Suite 1400<br>San Francisco, CA 94108 | Date and Time:<br>03/03/23 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2023

CLERK OF COURT
                                    OR
_____                  /s/ Simon S. Grille
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Simon Grille, Girard Sharp LLP, 601 California St., Ste. 1400, SF, CA 94108, sgrille@girardsharp.com, 415-981-4800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:22-cv-03131-JCS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| Attorney or Party without Attorney:<br>Simon S. Grille, Esq.<br>Girard Sharp LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br>Telephone No: 415-981-4800   FAX No: 415-981-4846<br><br>Attorney for: Plaintiff(s) | | | | For Court Use Only |
|---|---|---|---|---|
| | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court - Northern District Of California | | | | |
| Plaintiff(s): Brayden Stark, et al | | | | |
| Defendant: Patreon, Inc. | | | | |
| **PROOF OF SERVICE** | Hearing Date:<br>Fri, Mar. 03, 2023 | Time:<br>9:00AM | Dept/Div: | Case Number:<br>22CV03131JCS |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Subpoena to Testify at a Deposition in a Civil Action; Attachment A

3. a. Party served:           Meta Platforms, Inc.
   b. Person served:          Koy Saechao, Service of Process Intake Clerk, Asian, Female, Age 45, Black Hair, Brown Eyes, 5'5, 150lbs.

4. Address where the party was served:   Corporation Service Company
                                          2710 Gateway Oaks Dr. # 150N
                                          Sacramento, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Feb. 01, 2023 (2) at: 2:35PM
   b. I received this subpoena for service on:   Wednesday, February 01, 2023

6. Witness fees were offered or demanded, and paid:   $40.00

7. **Person Who Served Papers:**                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Robert J. Mason                               d. **The Fee** for Service was:
   b. **Class Action Research & Litigation**        e. I am: (3) registered California process server
      P O Box 740                                        (i)  Independent Contractor
      Penryn, CA 95663                                   (ii) Registration No.:   03-007
   c. (916) 663-2562, FAX (916) 663-4955                 (iii) County:             Placer

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Feb. 03, 2023

                                                                          (Robert J. Mason)

Judicial Council Form                          PROOF OF SERVICE                                       sigri.243777
Rule 2.150.(a)&(b) Rev January 1, 2007

# Attachment A
# DEFINITIONS

1. "Meta," "You," and "Your" mean Meta Platforms, Inc. and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies, including, but not limited to, Facebook and Instagram; and its attorneys, representatives, agents and all other persons, associations, or entities acting or authorized to act on their behalf, including third party entities.

2. "Patreon" means Defendant Patreon, Inc. and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents and all other persons, associations, or entities acting or authorized to act on their behalf, including non-party entities.

3. "Action" means the lawsuit captioned as *Stark, et al. v. Patreon, Inc.*, No. 3:22-cv-03131 (N.D. Cal), commenced on May 27, 2022.

4. "Document" means and includes in its broadest sense all written, graphic, magnetic, computer, electronic or otherwise recorded information and data, including metadata, in any form (e.g., text, non-text, formatted, non-formatted, or imaged), however produced or reproduced and whether or not now in existence, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the foregoing, all originals, copies, non-identical copies (or copies different from the originals due to notes made on such copies or because of indications that such copies were sent to different individuals than the original or different for any other reason), revisions, and drafts of all: (a) statements, reports, databases, notes, memoranda, e-mails, forms; (b) diaries, calendars, appointment books, telephone slips; (c) records, transcripts, computer printouts, recordings and memoranda of events, meetings, conferences, or telephone conversations; (d) correspondence and communications, including letters, intra-office and interoffice communications and memoranda, emails, facsimile

transmissions, telegrams, teletype messages and cables; and (e) ledgers, books of account, invoices, bills, expense account reports, spreadsheets, vouchers and statements.

5. "Communications" mean and includes any contact between two or more persons, including but not limited to written contact by letter, memorandum, telegram, e-mail, facsimile or telex, text messages, or oral contact in face-to-face meetings, telephone conversations or otherwise.

6. "ESI" means electronically stored information or data and is to be interpreted broadly, as used in the Federal Rules of Civil Procedure and the advisory committee notes thereto, to include all information regardless of the storage media (e.g., hard drive, CD-ROM, DVD, disc, tape, thumb drive, VoiceMail system, or mobile device such as a smartphone, tablet, or cell phone).

7. "Meta Pixel" or "Pixel" means a snippet of programming code that, once installed on a webpage, sends information to Meta.

8. "Patreon's Pixel" means Patreon's implementation of the Meta Pixel on its website and/or application, which sends information to Meta.

9. "Personal Information" means all information pertaining to an individual, including information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider, names, addresses, birthdates, email addresses, and IP addresses.

10. "Facebook ID" means the unique combination of numbers associated with a user's Facebook profile.

**INSTRUCTIONS**

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The use of the singular form of any word includes the plural and vice versa.

4. If any otherwise responsive document was, but no longer is, in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your possession, custody or control.

5. All documents should be produced electronically and in their native format, or in a format that is usable and mutually agreed upon by the parties and should include all data, including but not limited to, metadata, formulae, links and attachments. Documents produced pursuant to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph(s) of the requests to which they respond. If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of a document, such nonidentical copies must be produced.

6. These discovery requests are continuing in nature so as to require supplemental responses if, after you submit your answers hereto and before the time of trial, you discover or obtain additional documents or information called for by these requests.

**RELEVANT TIME PERIOD AND SCOPE**

The relevant time period for these requests is April 1, 2016 through the date of Your responses unless otherwise specified.

**REQUESTS FOR PRODUCTION**

1. All data and any related datasets, databases, logs, or reports, containing, showing, or summarizing the transmissions that Patreon's Pixel caused to be sent to You each time an individual accessed video content on Patreon's website or application, including all events and actions recorded.

2. All data and any related datasets, databases or reports, reflecting each numeric identifier associated with the c_user cookie (i.e., unencrypted Facebook ID)

included in the transmissions that Patreon's Pixel sent to You when an individual accessed video content on Patreon's website or application.

    3.    Documents sufficient to show the number of Patreon Subscribers whose Personal Information and Facebook ID was shared with You through Patreon's Pixel.

    4.    For each Facebook ID included in the transmissions that Patreon's Pixel sent to You when an individual accessed video content on Patreon's website or application, the titles of the video content associated with that Facebook ID.

    5.    All data and any related datasets, databases or reports, reflecting the name and e-mail address associated with each distinct numeric identifier associated with the c_user cookie (i.e., unencrypted Facebook ID) included in the transmissions that Patreon's Pixel sent to You when an individual accessed video content on Patreon's website.

    6.    Documents reflecting the manner in which You organize and store all information received by Patreon's Pixel.

    7.    Documents reflecting other persons or entities with whom You shared data transmitted to You by Patreon's Pixel.

    8.    Documents reflecting advertisements You targeted to Patreon users based on information received from Patreon's Pixel.

ATTACHMENT A TO SUBPOENA
Case No. 3:22-CV-03131-JCS