EXHIBIT 2

February 15, 2023

**BY U.S. MAIL AND ELECTRONIC MAIL**

Kim Macey
Girard Sharp LLP
601 California Street
Suite 1400
San Francisco, CA 94108

    Re: *Stark, et al.* v. *Patreon, Inc.*, No. 3:22-cv-03131-JCS (N.D. Cal.):
       Subpoena for Production of Documents

Dear Ms. Macey:

  I write in response to the "subpoena for testimony and production of documents" ("Subpoena") served on Meta Platforms, Inc. ("Meta") on February 1, 2023 in *Stark, et al.* v. *Patreon, Inc.*, No. 3:22-cv-03131-JCS (N.D. Cal.), a litigation to which Meta is not a party. It is unclear whether the Subpoena is intended to command deposition testimony, production of documents, or both given that the Subpoena lacks any noticed topics for a deposition and your cover letter references only the requests for production. Nevertheless, Meta hereby serves its objections to the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

  Meta objects to the Subpoena generally on the grounds that any discovery directed towards Meta is highly premature at this stage of the litigation. Meta is not a party to the suit plaintiffs filed against defendant Patreon, Inc., alleging Patreon knowingly programmed its website to make unauthorized transmissions of subscribers' personally identifiable information. First Amended Complaint ("FAC") ¶¶ 46-58, 61-62, 91. The First Amended Complaint does not allege that Meta violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), any other law, or that Meta is otherwise subject to liability. And the pleadings have not yet been settled.

  It is well established in the Northern District of California that plaintiffs "may not compel discovery from a non-party when the discovery sought is available from another party to the lawsuit," and that "[t]hird parties cannot be a plaintiff's first resort where a defendant is equally likely to have the desired information." *Suufi* v. *MediaLab.Ai, Inc.*, Order Denying Motion to Compel Without Prejudice, No. 22-mc-80205-SVK, ECF No. 22 at 2, 3 (Sept. 20, 2022); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i); *Nidec Corp.* v. *Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

Plaintiffs must "pursue discovery vigorously" from Patreon before seeking discovery from a third party like Meta, including by compelling responses from defendant where necessary. *Suufi*, ECF No. 22, at 3. Although your letter asserts you "have not been able to obtain" the requested documents "from Defendant," neither your letter nor your Subpoena offers any elaboration on or support for that vague assertion. Plaintiffs have not established that Patreon lacks relevant documents or information. Indeed, the parties' most recent joint case management statement indicates discovery among the parties is still very much in its early phases. *See* Joint Case Management Statement, ECF No. 55 at 2. And we understand based on the February 10, 2023 hearing on Patreon's motion to dismiss the First Amended Complaint that the parties are currently litigating and pursuing discovery related to the constitutionality of the VPPA—a threshold issue that underscores the prematurity of your Subpoena.

In addition to this general objection, Meta has specific objections to the requests for production set forth in Attachment A to the Subpoena (the "Requests"). Meta objects to each of the Requests on the grounds they are not relevant to the claims and defenses at issue in the case; they are vague, overbroad in scope and time and unduly burdensome; and they are not proportional to the needs of the case. Meta further objects to each of the Requests to the extent they seek information that is confidential to any third party, which Meta is obligated not to disclose. Meta also objects to each of the Requests to the extent they seek documents regarding trade or business secrets or other confidential, proprietary, or sensitive business information. Meta also objects to each of the Requests to the extent they seek documents that are readily obtainable from other sources. Meta further objects to the extent the Requests seek documents protected, in whole or in part, by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, legal protection, or rule of confidentiality.

Requests for production served on non-parties must be relevant, proportional to the needs of the case, and within the bounds of permissible discovery. That does not appear to be the case here, at least at this stage of the litigation. For example, not only has Patreon challenged the constitutionality of the VPPA, it is disputed whether the information allegedly transmitted is subject to the VPPA in the first instance. Further, no class has yet been certified. Yet, Request Nos. 1-5 potentially would require an overbroad disclosure of the personal data of Patreon users, including those whom Plaintiffs do not even represent at this time, without their consent. As another example, Request No. 4 seeks the "title of the video content associated" with each Facebook ID. The title of the video content, however, is not necessary to establish a class and may not be required to establish a VPPA violation. And Request Nos. 6-8 have no bearing at all on Plaintiffs' claims in this case.

Regarding your command to testify at a deposition on March 3, 2023, Meta objects that the Subpoena fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). In fact, the Subpoena includes no description at all of the matters you propose to cover during a deposition. Without this information, Meta cannot determine whether the Subpoena is reasonable in scope or whether a

protective order is required to protect Meta "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, a deposition of Meta—a non-party—at this stage of the litigation would be unwarranted given that no depositions of any party appear to have been scheduled, let alone taken. Please confirm whether Plaintiffs intended to serve a deposition subpoena or whether it intended to seek only the production of documents.

  Subject to and notwithstanding these objections, Meta is willing to meet and confer to discuss these issues.

  This response is made without waiver of Meta's rights, remedies, and defenses, which are expressly reserved, including the right to seek costs. Meta reserves the right to supplement this response at a later date.

        Sincerely,

        Laurie Edelstein