1  Laurie Edelstein (Bar No. 164466)
   Paige Zielinski (Bar No. 318639)
2  JENNER & BLOCK LLP
   455 Market Street, Suite 2100
3  San Francisco, California 94105
   Telephone: (628) 267-6800
4  ledelstein@jenner.com
   pzielinski@jenner.com
5
   *Attorneys for Non-Party Meta Platforms, Inc.*
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9
   BRAYDEN STARK and JUDD OOSTYEN, on          Case No. 23-mc-80326-JCS
10 behalf of themselves and those similarly situated,

11                                              **DECLARATION OF LAURIE
                                                EDELSTEIN IN SUPPORT OF NON-**
                  Movants,                      **PARTY META PLATFORMS, INC.'S**
12                                              **MEMORANDUM OF POINTS AND
                                                AUTHORITIES IN OPPOSITION TO**
13       v.                                     **PLAINTIFFS' MOTION TO COMPEL**

   META PLATFORMS, INC.,
14

15                Respondent.                   The Honorable Joseph C. Spero

16

17

18

19

20

21                    **(REDACTED VERSION)**

22                 **FILED UNDER SEAL**

23          **EXHIBITS 1-4 ALSO FILED UNDER SEAL**

24

25

26

27

28

_Side margin:_ **JENNER & BLOCK LLP** 455 Market Street, Suite 2100 San Francisco, CA 94105

**DECLARATION OF LAURIE EDELSTEIN**

I, Laurie Edelstein, declare as follows:

1.  I am an attorney at law licensed to practice in the state of California, and I am a partner with Jenner & Block LLP.   I am counsel for Meta Platforms, Inc. ("Meta") in connection with the subpoena that Plaintiffs served on non-party Meta and Meta's production of documents in response.  I have personal knowledge of the facts stated below and if called as a witness, I could and would testify competently to them.

2.  I submit this Declaration under Local Rule 7-5(a) in support of Non-Part Meta Platforms, Inc.'s Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Compel (ECF No. 1).

**Plaintiffs' Subpoena and Demands for Production of Documents**

3.  On February 1, 2023, Plaintiffs served a broad subpoena on Meta seeking production of documents and deposition testimony.

4.  Meta timely filed responses and objections to the subpoena on February 15, 2023. Plaintiffs and Meta met and conferred several times over the next several months to negotiate a reasonable production to resolve the subpoena.

5.  On August 8, 2023, Meta and Plaintiffs expressly agreed that as an initial production to resolve Plaintiffs' February 1, 2023, subpoena, ███████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████"  A true and accurate copy of Meta and Plaintiffs' email exchange from July 28, 2023 to August 8, 2023 is attached as Exhibit 1.

6.  ███████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████  A true and accurate copy of Meta's cover letter and September 22, 2023 production is attached as Exhibit 2.

**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105

7.      Following Meta's production, Plaintiffs raised several alleged issues concerning Meta's production and claimed the production was incomplete.  On October 16, 2023, Plaintiffs requested for the first time ███████████████████████████████████████████████████ ██████████    Declaration of R. Gaa ("Gaa Decl.), Ex. 7, ECF No. 1-4.

8.      On October 27, 2023, Meta agreed to produce ███████████████████████ █████████████████████████████████████████████████"  Meta also explained in detail that Plaintiffs were mistaken about the purported deficiencies in Meta's production and that Plaintiffs' assertions were based on a fundamental misunderstanding of the data.  Plaintiffs never responded to Meta's explanations about Plaintiffs' misapprehensions concerning the data.  A true and accurate copy of Meta's October 27, 2023 email is attached as Exhibit 3.

9.      On December 5, 2023, Meta produced ███████████████████████ Plaintiffs requested.  Gaa Decl., Ex. 10, ECF No. 1-6.

10.     Plaintiffs were not satisfied with Meta's December 5, 2023 production either.  They asserted, without factual basis, that ████████████████████████████████████████████ ██████████████████████████████████████████ Gaa Decl., Ex. 10, ECF No. 1-6. On December 8, 2023, Meta responded that it had produced exactly what Plaintiffs had requested – ████████████████████████████████ Gaa Decl., Ex. 11, ECF No. 1-6.

11.     Following Meta and Plaintiffs' August 8, 2023 agreement on an initial production, Plaintiffs never mentioned any request for classwide to Meta again until December 6, 2023 when Plaintiffs sent an email demanding that Meta agree by December 8, 2023 to produce classwide data by December 15, 2023.  Gaa Decl., Ex. 10, ECF No. 1-6.  Plaintiffs also threatened to file a motion to compel on December 11, 2023 if Meta did not agree to these demands.  *Id.*

12.     Meta informed Plaintiffs on December 8, 2023 that its demands were unreasonable and Meta would need additional time to consider Plaintiffs' request.  Gaa Decl., Ex. 11, ECF No. 1-6.

13.     Plaintiffs later asserted on December 12, 2023 that they had requested classwide data from Meta during a meet and confer held on November 10, 2023.  A true and accurate copy of Plaintiffs' December 12, 2023 email to Meta is attached as Exhibit 4.

14.     Plaintiffs' statement in their December 12, 2023 email was inaccurate.  Plaintiffs confused this case, *Stark* v. *Patreon*, with two other VPPA cases in which they represent the plaintiffs, *Heather* v. *Healthline, Inc.*, No. 22 Civ. 5059 (N.D. Cal.), and *Jackson* v. *Fandom, Inc.*, No. 22 Civ. 4423 (N.D. Cal.).  The meet and confer held on November 10, 2023 and the request for classwide data related to the *Healthline* and *Fandom* cases, not *Stark* v. *Patreon*.  Indeed, Plaintiffs' counsel stated that they were taking a different approach in the *Healthline* and *Fandom* cases than in the *Patreon* case, requesting classwide data ██████████████████████████ ████████ .

**Plaintiffs' Subpoena for Deposition Testimony**

15.     On October 6, 2023, Plaintiffs informed Meta that they intended to pursue their request for a deposition of Meta.  Meta participated in a meet and confer with Plaintiffs about a possible deposition on October 11, 2023.  Following that discussion, Plaintiffs sent Meta a list of proposed deposition topics on October 16, 2023.  *See* Gaa Decl., Ex. 7, ECF No. 1-4.

16.     On October 31, 2023, during a meet and confer about the deposition topics, Meta agreed to produce a deposition witness and informed Plaintiffs it would send a revised list of proposed deposition topics. *See* Gaa Decl., Ex. 11, ECF No. 1-6.

17.     During the October 31, 2023, Meta also raised the possibility of consolidating the deposition across several VPPA Pixel cases, as Meta has received numerous third-party subpoenas from plaintiffs in other class action cases that involve essentially the same VPPA claims.  Meta explained it was actively negotiating a deposition subpoena in another VPPA Pixel case involving virtually identical issues, *Bloom* v. *Zuffa*, No. 22 Civ. 412 (D. Nev.).  In addition, Plaintiffs' counsel had served deposition subpoenas on Meta in two other VPPA Pixel matters – *Heather* v. *Healthline, Inc.*, No. 22 Civ. 5059 (N.D. Cal.), and *Jackson* v. *Fandom, Inc.*, No. 22 Civ. 4423 (N.D. Cal.).  Meta stated that it preferred to have its witness sit for a single, consolidated deposition to avoid wasting resources and the witness's time on redundant lines of questioning.  *See* Gaa Decl., Ex. 11, ECF No. 1-6.  Plaintiffs' counsel indicated they were open to a consolidated deposition.  Meta began working actively to coordinate the depositions.

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

18.    On November 29, 2023, Meta put Plaintiffs' counsel in touch with Plaintiffs' counsel in *Bloom* v. *Zuffa*.  *See* Gaa Decl., Ex. 8, ECF No. 1-5.  Meta never received a response to its November 29, 2023 email until after Plaintiffs filed this motion to compel.

19.    On December 8, 2023, Meta sent Plaintiffs a list of proposed deposition topics for a consolidated deposition.  *See* Gaa Decl., Ex. 11 and 12, ECF Nos. 1-6 and 1-7.

20.    On December 15, 2023, Meta also served a proposed protocol for a consolidated deposition and offered to make its witness available for deposition on January 25, 2024.  A true and accurate copy of Meta's deposition protocol is attached as Exhibit 5.

21.    Plaintiffs never objected to Meta's proposed deposition topics or the specifics of Meta's proposed deposition protocol.

22.    On December 19, 2023, after filing this motion to compel, Plaintiffs objected to moving forward with the consolidated deposition, stating it was premature and they wanted a ruling on their request for classwide data before a deposition.  A true and accurate copy of Meta's December 19, 2023 email to Plaintiffs is attached as Exhibit 6.

23.    During a meet and confer on January 2, 2024, Plaintiffs told Meta that they were willing to consider a consolidated deposition on January 24 or January 25, 2024 and were available both days, but they wanted the right to re-depose Meta's witness if the Court were to order the production of classwide data.

24.    On January 3, 2024, Meta informed Plaintiffs that it did not believe that Plaintiffs would have a right to re-depose Meta, particularly given that the deposition topics would provide plaintiffs with a sufficient opportunity to explore topics concerning classwide data and Meta's status a non-party.  Nevertheless, Meta agreed to meet and confer with Plaintiffs on that issue if needed.  A true and accurate copy of Meta's January 3, 2024 email to Plaintiffs is attached as Exhibit 7.

25.    On January 9, 2024, Plaintiffs informed Meta that they would not participate in the January 25, 2024 deposition on the terms Meta proposed.  A true and accurate copy of Meta's January 9, 2024 email to Plaintiffs is attached as Exhibit 8.

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

26. On January 11, 2024, Meta informed Plaintiffs that Meta would not agree in advance to another deposition if the Court grants Plaintiffs' motion to compel classwide data. A true and accurate copy of Meta's January 11, 2024 email to Plaintiffs is attached as Exhibit 9.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 15, 2024 at San Francisco, California.

*/s/ Laurie Edelstein*
Laurie Edelstein

**JENNER & BLOCK LLP**
**455 Market Street, Suite 2100**
**San Francisco, CA 94105**

1

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5-1(b), I hereby certify that on the 15th day of January, I authorized a copy of the foregoing **DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF NON-PARTY META PLATFORMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date. I also caused a sealed version of foregoing document to be served by electronic mail on all parties of record who have made an appearance in this action and also on counsel of record for Patreon, Inc. in *Stark* v. *Patreon, Inc.*, No. 22 Civ. 3131 (N.D. Cal.).

Dated: January 15, 2024

  */s/ Laurie Edelstein*
  Laurie Edelstein

**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105

# (REDACTED)

# FILED UNDER SEAL

# EXHIBIT 1

# (REDACTED)

# FILED UNDER SEAL

# EXHIBIT 2

**(REDACTED)**

**FILED UNDER SEAL**

**EXHIBIT 3**

# (REDACTED)

# FILED UNDER SEAL

# EXHIBIT 4

# EXHIBIT 5

JENNER&BLOCK LLP

***Bloom* v. *Zuffa, LLC*, No. 22 Civ. 412 (D. Nev.)**
***Stark* v. *Patreon*, No. 22 Civ. 3131 (N.D. Cal.)**
***Heather* v. *Healthline Media, Inc.*, No. 22 Civ. 5059 (N.D. Cal.)**
***Jackson* v. *Fandom*, No. 22 Civ. 4423 (N.D. Cal.)**

**Consolidated Deposition Protocol**

**Date:** Thursday, January 25, 2024

**Time:** 9:00 AM PT

**Location:**  Witness is in Bellevue, Washington.   Location TBD

**Total length of deposition:** 7 hours

**Allocation of Time:  3.5 hours** for general topics; **1.25 hours** for case-specific topics in *Bloom* v. *Zuffa*, **2.25 hours** for case-specific topics in *Stark* v. *Patreon*, *Heather* v. *Healthline Media*, and *Jackson* v. *Fandom*.

- Plaintiffs' counsel may agree to a different allocation of time.

- Counsel for *Bloom* and counsel for *Stark*, *Heather*, and *Jackson* may be present for questioning on general topics.  Counsel may agree to the each other's presence during case-specific questioning, subject to confirmation that plaintiffs' counsel have entered into a common interest agreement.

**General Topics:**  General topics to be agreed upon by Meta and plaintiffs' counsel in *Bloom*, *Stark*, *Heather*, and *Jackson*.

**Case-specific Topics:**  To be agreed upon by Meta and plaintiffs' counsel in each case.

**Confidentiality:**

- Meta's testimony on general topics will be subject to the protective orders entered in *Bloom* v. *Zuffa*, *Stark* v. *Patreon*, *Heather* v. *Healthline Media*, and *Jackson* v. *Fandom*.

- Meta's testimony on a case-specific topic will be subject to the protective orders entered in the relevant case (e.g., to the *Bloom* v. *Zuffa* protective order for topics specific to the *Zuffa* case).

- Plaintiffs' counsel will sign acknowledgments of the protective orders for the cases in which they do not represent the named plaintiffs.

# EXHIBIT 6

**Langlinais, Jonathan Alexander**

| | |
|---|---|
| **From:** | Simon S. Grille <sgrille@girardsharp.com> |
| **Sent:** | Tuesday, December 19, 2023 12:44 AM |
| **To:** | Anthony Patek; Edelstein, Laurie J. |
| **Cc:** | Langlinais, Jonathan Alexander; ufc; Zielinski, Paige E.; MacMillen, Hayley L.; Adam Polk; Reid Gaa |
| **Subject:** | RE: Meta Subpoena - Second motion to compel logistics |

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**

> **This message needs your attention**
> • Someone new is included on this email.
>
> Report or Mark Safe

Tony and Laurie,

Speaking for Plaintiffs in *Stark*, we think it's premature to go forward with a coordinated deposition on the terms that Meta has proposed before we have a ruling on our enforcement action.

Thanks,
Simon

**From:** Anthony Patek <anthony@gutridesafier.com>
**Sent:** Monday, December 18, 2023 4:50 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; ufc <ufc@gutridesafier.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>; Simon S. Grille <sgrille@girardsharp.com>
**Subject:** Re: Meta Subpoena - Second motion to compel logistics

EXTERNAL EMAIL

Laurie -

Thank you for providing the proposed list of topics.  While the topics themselves appear to be reasonable, I think some of the plaintiff-specific ones make more sense as general topics.   Specifically, the following three seem generic:

> 3. Whether and how a Facebook user's operating system and/or web browser setting affects the transmission of Event Data to Meta.
>
> 4. Functionality of Conversions API and differences between the Meta Pixel and Conversions API since June 19, 2021.
>
> 5. . . .
>
> 6. The scope of warnings that Meta provides to website developers about the transmission of potentially sensitive data.

I think that topic 5 (agreement terms) also arguably has a generic aspect to the extent Meta uses a generic TOU for its business apps, though I agree that each Plaintiff would want to ask specific questions about their defendant(s), so there would need to be defendant-specific questions as follow up to any generic questions.  I believe Simon Grille concurs with that proposed organization.

Regards,


**Anthony J. Patek**

Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
anthony@gutridesafier.com
Ph: (415) 639-9090
M: (415) 505-6226


On Tue, Dec 12, 2023 at 11:56 AM Edelstein, Laurie J. <LEdelstein@jenner.com> wrote:

Anthony,


Thanks for the call today.   Please find attached Meta's proposed deposition topics for a deposition of Meta's 30(b)(6) witness.   We propose general topics for a consolidated deposition across VPPA Pixel cases and case-specific topics for the *Bloom* v. *Zuffa* matter.   We will get to back to you shortly about a proposed deposition date.


Thanks,

Laurie

---

**From:** Edelstein, Laurie J.
**Sent:** Tuesday, December 12, 2023 9:09 AM
**To:** 'Anthony Patek' <anthony@gutridesafier.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; ufc <ufc@gutridesafier.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Meta Subpoena - Second motion to compel logistics


Thanks, Anthony.   We will give you a call at 10:30 am PST.


Thanks,

Laurie

---

**From:** Anthony Patek <anthony@gutridesafier.com>
**Sent:** Monday, December 11, 2023 5:16 PM

**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; ufc <ufc@gutridesafier.com>; Zielinski, Paige E.
<PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** Re: Meta Subpoena - Second motion to compel logistics

==**External Email - __Do Not Click__** Links or Attachments Unless You Know They Are Safe==

Hi Laurie  -

I am still available for the next hour if you want, but I suspect it will be more convenient to speak tomorrow, either
between 10:30-11:00; 11:30-1:00, or after 2:30 PST.  I presume the earlier times work better for Alex if he is
joining.  Let me know your preference.

Regards,

**Anthony J. Patek**

Gutride Safier LLP

100 Pine Street, Suite 1250

San Francisco, CA 94111

anthony@gutridesafier.com

Ph: (415) 639-9090

M:  (415) 505-6226

On Mon, Dec 11, 2023 at 10:55 AM Edelstein, Laurie J. <LEdelstein@jenner.com> wrote:

> Anthony,
>
> Jenner is authorized to accept service of the motion to compel and motion to seal via email on behalf of Meta
> Platforms, Inc.   We appreciate your offer to confer on a stipulation for the briefing schedule on the motion to compel.

Please let us know when you would be available for a call either today or tomorrow to discuss.


Thanks,

Laurie

---

**From:** Anthony Patek <anthony@gutridesafier.com>
**Sent:** Thursday, December 7, 2023 12:17 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Langlinais, Jonathan Alexander <JALanglinais@jenner.com>
**Cc:** ufc <ufc@gutridesafier.com>
**Subject:** Meta Subpoena - Second motion to compel logistics


**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**


Laurie -


Will you accept service via email for the motion to compel and motion to seal on Meta's behalf, or do you want us to serve those on Meta via registered agent?


Also, as you likely saw, we submitted a request for extension in the D. Nevada case. Zuffa agreed to an 18-day extension of our reply deadline (to January 29), but are opposing our request for a longer extension (April 4). Still, the 18 days provides a little bit of breathing room, and if you want to do a stip for the briefing schedule on the motion to compel, I'm happy to confer with you about that. Let me know if you want to get on the phone to discuss.


Regards,


**Anthony J. Patek**


Gutride Safier LLP

100 Pine Street, Suite 1250

San Francisco, CA 94111

anthony@gutridesafier.com

Ph: (415) 639-9090

M:  (415) 505-6226

---

**Laurie J. Edelstein**

**Jenner & Block LLP**
455 Market Street
Suite 2100, San Francisco, CA 94105-2453  |  jenner.com
+1 415 293 5943 | TEL
+1 415 730 4029 | MOBILE
LEdelstein@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# EXHIBIT 7

## Langlinais, Jonathan Alexander

| | |
|---|---|
| **From:** | Edelstein, Laurie J. |
| **Sent:** | Wednesday, January 3, 2024 9:50 PM |
| **To:** | Simon S. Grille |
| **Cc:** | Langlinais, Jonathan Alexander; Zielinski, Paige E.; MacMillen, Hayley L. |
| **Subject:** | RE: Stark v. Patreon:  Deposition |
| | |
| **Categories:** | Red category |

Hi Simon,

I conferred with Meta about your proposal to proceed with the consolidated deposition on January 25, 2024, while reserving your right to re-depose Meta if the court orders the production of classwide data in response your motion to compel in *In re Subpoena to Meta Platforms, Inc.*, 23 Misc. 80326 (N.D. Cal.).   Meta does not believe plaintiffs have a right to re-depose Meta, which is a non-party, even if the court were to order Meta to produce classwide data.  The deposition topics Meta has proposed will provide plaintiffs with a sufficient opportunity to explore topics concerning classwide data, including (1) the types of Event Data that Meta receives through the Meta Pixel; (2) the process for matching Facebook IDs with Event Data transmitted through the Meta Pixel generally and association of Pixel Event Data with specific Facebook users, and Meta's ability to identify the number of unique Facebook users whose data was transmitted to Meta through the Meta Pixel; and (3) the Event Data that Meta received from Patreon via the Meta Pixel on or after June 19, 2021, including Event Data related to the Plaintiffs.  There will be no need to re-depose Meta's witness even if classwide data were required to be produced, and we do not believe a court would order Meta, a non-party, to appear for another deposition.

Nevertheless, to resolve this issue and allow the parties to proceed with a consolidated deposition, in the event the court were to order classwide data to be produced, Meta agrees to meet and confer with plaintiffs to discuss whether another deposition should proceed.  Meta, however, would reserve all rights to object to another deposition.

Please let me know whether this agreement is acceptable to you so that we can proceed with finalizing the deposition.  Counsel for plaintiffs and defendant in *Bloom* v. *Zuffa* are available on January 25, 2024.  The deposition likely will take place in Bellevue, Washington, although appearing remotely also is an option.  We would like the deposition to cover the depositions requested in *Stark* v. *Patreon*, No. 22 Civ. 3131 (N.D. Cal.), and *Jackson* v. *Fandom*, No. 22 Civ. 4423 (N.D. Cal.).

Thanks,
Laurie

---

**From:** Simon S. Grille <sgrille@girardsharp.com>
**Sent:** Tuesday, January 2, 2024 12:00 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Hi Laurie,

Sorry I missed your call earlier. I'm available until 2 today and then again 3-4.

Thanks,
Simon

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Saturday, December 30, 2023 11:19 AM
**To:** Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** Stark v. Patreon: Deposition

<mark>EXTERNAL EMAIL</mark>

Hi Simon,

Thank you for your voicemail about the deposition.   I did not have a chance to return your call this past week.   Let's plan to speak on Tuesday, January 2, 2024.

Best wishes for a Happy New Year.

Thanks,
Laurie

---

## Laurie J. Edelstein

**Jenner & Block LLP**
455 Market Street
Suite 2100, San Francisco, CA 94105-2453  |  jenner.com
+1 415 293 5943 | TEL
+1 415 730 4029 | MOBILE
LEdelstein@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

# EXHIBIT 8

**Langlinais, Jonathan Alexander**

| | |
|---|---|
| **From:** | Simon S. Grille <sgrille@girardsharp.com> |
| **Sent:** | Tuesday, January 9, 2024 12:56 PM |
| **To:** | Edelstein, Laurie J. |
| **Cc:** | Langlinais, Jonathan Alexander; Zielinski, Paige E.; MacMillen, Hayley L.; Reid Gaa; Adam Polk |
| **Subject:** | RE: Stark v. Patreon:  Deposition |

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**

**This message needs your attention**
• Someone new is included on this email.

Report or Mark Safe

Hi Laurie,

We do not agree to proceeding with a deposition on January 25 without some assurance that Meta will agree to make itself available for further testimony if the Court grants Plaintiffs' motion to compel classwide data. An agreement to meet and confer is not sufficient, especially in light of your assertion that Plaintiffs do not have a right to "re-depose Meta." If the Court orders production of classwide data, our clients will be prejudiced if they do not have an opportunity to depose Meta regarding this data.

Thanks,
Simon

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Monday, January 8, 2024 10:13 AM
**To:** Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

EXTERNAL EMAIL

Hi Simon,

I am following up on my message below and whether Plaintiffs plan to proceed with the deposition of Meta on January 25, 2024.  We would like to finalize the deposition arrangements by midweek.

Thanks,
Laurie

**From:** Edelstein, Laurie J.
**Sent:** Wednesday, January 3, 2024 6:50 PM
**To:** 'Simon S. Grille' <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

Hi Simon,

I conferred with Meta about your proposal to proceed with the consolidated deposition on January 25, 2024, while reserving your right to re-depose Meta if the court orders the production of classwide data in response to your motion to compel in *In re Subpoena to Meta Platforms, Inc.*, 23 Misc. 80326 (N.D. Cal.).  Meta does not believe plaintiffs have a right to re-depose Meta, which is a non-party, even if the court were to order Meta to produce classwide data.  The deposition topics Meta has proposed will provide plaintiffs with a sufficient opportunity to explore topics concerning classwide data, including (1) the types of Event Data that Meta receives through the Meta Pixel; (2) the process for matching Facebook IDs with Event Data transmitted through the Meta Pixel generally and association of Pixel Event Data with specific Facebook users, and Meta's ability to identify the number of unique Facebook users whose data was transmitted to Meta through the Meta Pixel; and (3) the Event Data that Meta received from Patreon via the Meta Pixel on or after June 19, 2021, including Event Data related to the Plaintiffs.  There will be no need to re-depose Meta's witness even if classwide data were required to be produced, and we do not believe a court would order Meta, a non-party, to appear for another deposition.

Nevertheless, to resolve this issue and allow the parties to proceed with a consolidated deposition, in the event the court were to order classwide data to be produced, Meta agrees to meet and confer with plaintiffs to discuss whether another deposition should proceed.  Meta, however, would reserve all rights to object to another deposition.

Please let me know whether this agreement is acceptable to you so that we can proceed with finalizing the deposition.  Counsel for plaintiffs and defendant in *Bloom* v. *Zuffa* are available on January 25, 2024.  The deposition likely will take place in Bellevue, Washington, although appearing remotely also is an option.  We would like the deposition to cover the depositions requested in *Stark* v. *Patreon*, No. 22 Civ. 3131 (N.D. Cal.), and *Jackson* v. *Fandom*, No. 22 Civ. 4423 (N.D. Cal.).

Thanks,
Laurie

---

**From:** Simon S. Grille <sgrille@girardsharp.com>
**Sent:** Tuesday, January 2, 2024 12:00 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Hi Laurie,

Sorry I missed your call earlier. I'm available until 2 today and then again 3-4.

Thanks,
Simon

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Saturday, December 30, 2023 11:19 AM
**To:** Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** Stark v. Patreon: Deposition

EXTERNAL EMAIL

Hi Simon,

Thank you for your voicemail about the deposition.   I did not have a chance to return your call this past week.   Let's plan to speak on Tuesday, January 2, 2024.

Best wishes for a Happy New Year.

Thanks,
Laurie

---

**Laurie J. Edelstein**

**Jenner & Block LLP**
455 Market Street
Suite 2100, San Francisco, CA 94105-2453  |  jenner.com
+1 415 293 5943 | TEL
+1 415 730 4029 | MOBILE
LEdelstein@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

# EXHIBIT 9

**Langlinais, Jonathan Alexander**

| | |
|---|---|
| **From:** | Edelstein, Laurie J. |
| **Sent:** | Thursday, January 11, 2024 7:17 PM |
| **To:** | Simon S. Grille |
| **Cc:** | Langlinais, Jonathan Alexander; Zielinski, Paige E.; MacMillen, Hayley L.; Reid Gaa; Adam Polk |
| **Subject:** | RE: Stark v. Patreon:  Deposition |

Hi Simon,

Thank you for your message.  Meta is not willing to agree in advance to another deposition if the Court grants Plaintiffs' motion to compel classwide data.

Thanks,
Laurie

**From:** Simon S. Grille <sgrille@girardsharp.com>
**Sent:** Tuesday, January 9, 2024 9:56 AM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>; Reid Gaa <rgaa@girardsharp.com>; Adam Polk <apolk@girardsharp.com>
**Subject:** RE: Stark v. Patreon: Deposition

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

**This message needs your attention**
• Someone new is included on this email.

Report or Mark Safe

Hi Laurie,

We do not agree to proceeding with a deposition on January 25 without some assurance that Meta will agree to make itself available for further testimony if the Court grants Plaintiffs' motion to compel classwide data. An agreement to meet and confer is not sufficient, especially in light of your assertion that Plaintiffs do not have a right to "re-depose Meta." If the Court orders production of classwide data, our clients will be prejudiced if they do not have an opportunity to depose Meta regarding this data.

Thanks,
Simon

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Monday, January 8, 2024 10:13 AM
**To:** Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

EXTERNAL EMAIL
Hi Simon,

I am following up on my message below and whether Plaintiffs plan to proceed with the deposition of Meta on January 25, 2024. We would like to finalize the deposition arrangements by midweek.

Thanks,
Laurie

**From:** Edelstein, Laurie J.
**Sent:** Wednesday, January 3, 2024 6:50 PM
**To:** 'Simon S. Grille' <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

Hi Simon,

I conferred with Meta about your proposal to proceed with the consolidated deposition on January 25, 2024, while reserving your right to re-depose Meta if the court orders the production of classwide data in response your motion to compel in *In re Subpoena to Meta Platforms, Inc.*, 23 Misc. 80326 (N.D. Cal.). Meta does not believe plaintiffs have a right to re-depose Meta, which is a non-party, even if the court were to order Meta to produce classwide data. The deposition topics Meta has proposed will provide plaintiffs with a sufficient opportunity to explore topics concerning classwide data, including (1) the types of Event Data that Meta receives through the Meta Pixel; (2) the process for matching Facebook IDs with Event Data transmitted through the Meta Pixel generally and association of Pixel Event Data with specific Facebook users, and Meta's ability to identify the number of unique Facebook users whose data was transmitted to Meta through the Meta Pixel; and (3) the Event Data that Meta received from Patreon via the Meta Pixel on or after June 19, 2021, including Event Data related to the Plaintiffs. There will be no need to re-depose Meta's witness even if classwide data were required to be produced, and we do not believe a court would order Meta, a non-party, to appear for another deposition.

Nevertheless, to resolve this issue and allow the parties to proceed with a consolidated deposition, in the event the court were to order classwide data to be produced, Meta agrees to meet and confer with plaintiffs to discuss whether another deposition should proceed. Meta, however, would reserve all rights to object to another deposition.

Please let me know whether this agreement is acceptable to you so that we can proceed with finalizing the deposition. Counsel for plaintiffs and defendant in *Bloom* v. *Zuffa* are available on January 25, 2024. The deposition likely will take place in Bellevue, Washington, although appearing remotely also is an option. We would like the deposition to cover the depositions requested in *Stark* v. *Patreon*, No. 22 Civ. 3131 (N.D. Cal.), and *Jackson* v. *Fandom*, No. 22 Civ. 4423 (N.D. Cal.).

Thanks,
Laurie

**From:** Simon S. Grille <sgrille@girardsharp.com>
**Sent:** Tuesday, January 2, 2024 12:00 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** RE: Stark v. Patreon: Deposition

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Hi Laurie,

Sorry I missed your call earlier. I'm available until 2 today and then again 3-4.

Thanks,
Simon

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Sent:** Saturday, December 30, 2023 11:19 AM
**To:** Simon S. Grille <sgrille@girardsharp.com>
**Cc:** Langlinais, Jonathan Alexander <JALanglinais@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>; MacMillen, Hayley L. <HMacMillen@jenner.com>
**Subject:** Stark v. Patreon: Deposition

<mark>EXTERNAL EMAIL</mark>

Hi Simon,

Thank you for your voicemail about the deposition.   I did not have a chance to return your call this past week.   Let's plan to speak on Tuesday, January 2, 2024.

Best wishes for a Happy New Year.

Thanks,
Laurie

---

**Laurie J. Edelstein**

**Jenner & Block LLP**
455 Market Street
Suite 2100, San Francisco, CA 94105-2453  |  jenner.com
+1 415 293 5943 | TEL
+1 415 730 4029 | MOBILE
LEdelstein@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

1  Laurie Edelstein (Bar No. 164466)
   Paige Zielinski (Bar. No. 318639)
2  JENNER & BLOCK LLP
   455 Market Street, Suite 2100
3  San Francisco, California 94105
   Telephone: (628) 267-6800
4  ledelstein@jenner.com
   pzielinski@jenner.com
5
   *Attorneys for Non-Party Meta Platforms, Inc*
6

7

8                **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  BRAYDEN STARK, et al.                    Case No. 23-mc-80326-JCS

12              Movants,
                                             **DECLARATION OF GERARDO**
13      v.                                   **ZARAGOZA IN SUPPORT OF NON-**
                                             **PARTY META PLATFORMS, INC.'S**
14  META PLATFORMS, INC.,                    **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES IN OPPOSITION TO**
                Respondent.                  **PLAINTIFFS' MOTION TO COMPEL**
15

16

17

18

19
                          **(REDACTED VERSION)**
20
                          **FILED UNDER SEAL**
21

22

23

24

25

26

27

28

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

# DECLARATION OF GERARDO ZARAGOZA

I, Gerardo Zaragoza, declare as follows:

1.      I am a Data Science Manager for eDiscovery and Information Governance at Meta Platforms, Inc. ("Meta"). Based on my job responsibilities and duties, I am familiar with Meta's eDiscovery processes, including the process for producing data in Meta's possession. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify to them under oath.

2.      I submit this declaration in support of Meta's opposition to Plaintiffs' motion to compel production of classwide data and deposition testimony.

3.      In my capacity as Data Science Manager and in response to Plaintiffs' demand that Meta produce Pixel event data transmitted from Patreon, Inc. to Meta through the Meta Pixel between April 1, 2022 to July 31, 2022, I analyzed the volume of Pixel event data transmitted from Patreon to Meta between April 1, 2022 to July 31, 2022 ████████████████████ ████████████████████████████████████ I also estimated the approximate amount of time it would take Meta to process and produce the data Plaintiffs have demanded.

4.      Based on my analysis, the data Plaintiffs have demanded consists of ██████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████

5.      Given the amount of data involved, it would take Meta's data scientists and in-house counsel approximately three weeks to process and prepare the data for production.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 12, 2024 at Menlo Park, California.

/s/ _____
Gerardo Zaragoza

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5-1(b), I hereby certify that on the 15th day of January, I authorized a copy of the foregoing **DECLARATION OF GERARDO ZARAGOZA IN SUPPORT OF NON-PARTY META PLATFORMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date.  I also caused a sealed version of foregoing document to be served by electronic mail on all parties of record who have made an appearance in this action and also on counsel of record for Patreon, Inc. in *Stark* v. *Patreon, Inc.*, No. 22 Civ. 3131 (N.D. Cal.).

Dated:  January 15, 2024

By:  <u>/s/ Laurie Edelstein</u>
Laurie Edelstein

**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105